UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTIN L. HOLMES,

        Petitioner,

                                    CASE NO. 2:12-CV-12195
v.                                            HONORABLE GERALD E. ROSEN

STEVE RIVARD,

        Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION TO STAY, STAYING CASE,
HOLDING PETITION IN ABEYANCE, AND ADMINISTRATIVELY CLOSING CASE**

       This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Quintin L. Holmes ("Petitioner") pleaded guilty to second-degree murder in the Ingham County Circuit Court and was sentenced to 20 to 40 years imprisonment in 2009. In his current petition, he challenges the voluntariness of his plea. This matter is before the Court on Petitioner's motion to stay this case and hold his petition in abeyance so that he can return to state court to exhaust his remedies as to additional unexhausted claims concerning his prosecution, the voluntariness of his plea, and the effectiveness of defense counsel arising from a newly-acquired affidavit.

       Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. A petitioner must assert both the factual and legal bases for the claims in the state courts, *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*), and must present them as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner seeks a stay so that he may present new issues to the state courts by filing a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.* with the state trial court and then pursuing an appeal if necessary. A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

Petitioner has shown the need for a stay. Any claims based upon the newly-acquired affidavit are unexhausted and the one-year limitations period applicable to federal habeas actions could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state

2

remedies. *See* 28 U.S.C. § 2244(d)(1). Petitioner may have also discovered the legal and/or factual basis for his additional claims after the conclusion of direct appeal. Petitioner has thus shown good cause for failing to previously present his unexhausted claims to the state courts. The unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts. The Court shall therefore grant Petitioner's motion.

Accordingly,

IT IS ORDERED that Petitioner's motion to stay the proceedings is GRANTED. The case is stayed and the petition is held in abeyance. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 60 days of this order by filing a motion for relief from judgment with the trial court. *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within 60 days after fully exhausting state court remedies. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be dismissed. Lastly, this case is CLOSED for administrative purposes pending compliance with these conditions.

Dated: October 22, 2013    s/Gerald E. Rosen
                           Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 22, 2013, by electronic and/or ordinary mail.

    s/Julie Owens
    Case Manager, (313) 234-5135